IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IFCO RECYCLING, INC.,** | |
| Plaintiff, | |
| v. | CIVIL NO. 15-1107 (PAD) |
| **UTICA LEASECO, LLC, et al.,** | |
| Defendants. | |

**OPINION AND ORDER**

Delgado-Hernández, District Judge

IFCO Recycling Inc. ("IFCO"), initiated the instant action against Utica LeaseCo LLC ("Utica"), and Maynards Industries Inc. ("Maynards") for breach of contract and related damages. Jurisdiction is predicated upon diversity of citizenship. See, 28 U.S.C. § 1332. Before the court is "Defendants' Motion to Dismiss the Plaintiff's Complaint for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2) and/or Forum Non Conveniens" (Docket No. 9), which IFCO opposed (Docket No. 10). Defendants replied (Docket No. 13). For the reasons that follow, the motion is GRANTED.

**I.     BACKGROUND**

On September 24, 2014, Maynards – acting on behalf of Utica – performed an online auction for construction and demolition equipment belonging to Utica (Docket No. 1 at ¶ 9). The equipment to be sold was divided into a total of eleven (11) lots, each of which included a picture and brief description of the type of equipment contained therein. Id. at ¶¶ 10-11. IFCO made offers to acquire lots one (1) through four (4) and lot nine (9), but was only awarded the bulldozer

in lot nine (9), for which it paid $43,000.00. Maynards informed IFCO that there was a successful bidder for the remaining lots. On September 26, 2014, IFCO notified Maynards its interest to purchase lots one (1) through four (4) in the event that the agreement with the successful bidder fell through. Id. at ¶¶ 12-13. After short negotiations, Maynards informed IFCO that Utica had accepted its previous offer to acquire lots one (1) through eight (8), and eleven (11) for $565,000.00. Id. at ¶¶ 14-23.

On October 2, 2014, IFCO wired the agreed upon sum to Maynards, at which time the latter disclosed that the equipment was in possession of an entity known as T. Fiore Demolition, Inc. – who previously rented the equipment from Utica. Maynards advised IFCO that T. Fiore would probably not cooperate with the extraction of the equipment, and agreed to reimburse the costs incurred by IFCO in the event that the extraction could not be completed. Id. at ¶¶ 24-26.

On October 22, 2014, an IFCO representative went to a site belonging to T. Fiore in Newark, New Jersey to collect the equipment. The completion of the process, coordinated by Utica's and Maynards' attorneys, was contingent upon the New Jersey Sherriff's availability to supervise it. Id. at ¶¶ 28-29. Later that day, the Sherriff received an order from a New Jersey Court staying the delivery, and thus ordered the IFCO representative to cease packing the equipment. As a result of that order, IFCO was only able to load part of the merchandise it had bought. In addition, it noticed that many parts were missing while others did not match the description given during the auction. Id. at ¶¶ 30-32. On October 30, 2014, after receiving a Court Order vacating the restraints, IFCO returned to the site and gathered the remaining equipment. Id. at ¶ 37.

IFCO avers that to date, it has not received some of the missing parts, valued at $81,400.00. Similarly, it claims to have incurred in an unforeseen sum of $31,867.75 extra in transportation

fees. Finally, it states that due to Utica's and Maynards' misrepresentations in connection with the description of the equipment included in lot five (5), it paid $6,500.00 more than it would otherwise had. Id. at ¶¶ 39-40. Utica and Maynards – headquartered in Michigan – who have never been physically present in Puerto Rico, deny liability and challenge the court's jurisdiction under Fed. R. Civ. P. 12(b)(2), claiming that New Jersey or Michigan are adequate alternative forums.

## II.   STANDARD OF REVIEW

On a motion to dismiss for want of personal jurisdiction, the plaintiff ultimately bears the burden of persuading the court that jurisdiction exists. Astro-Med, Inc. v. Nihon Kohden America, 591 F.3d 1, 8. A federal court may assert specific jurisdiction over a defendant only if doing so comports with both the forum's long-arm statute and the Due Process Clause of the United States Constitution. Carreras v. PMG Collins, LLC, 660 F.3d 549, 552 (1st Cir. 2011). The two (2) modes of analysis merge into one because the reach of Puerto Rico's long-arm statute is coextensive with the reach of the Due Process Clause. Id.

The constitutional test for determining specific jurisdiction has three distinct components: (1) relatedness; (2) purposeful availment (sometimes called 'minimum contacts'); and (3) reasonableness. Adelson v. Hananel, 652 F.3d 75, 80-81 (1st Cir. 2011). An affirmative finding on each of these elements is required to support a finding of jurisdiction. Negrón-Torres v. Verizon Communications, Inc., 478 F.3d 19, 14 (1st Cir. 2007). To meet its burden, the plaintiff may not rely solely on the pleadings. Instead, the plaintiff must proffer properly supported facts. Id. at 23.[1] Against this backdrop, the court evaluates each prong in turn.

---

[1] Throughout its motion, IFCO makes reference to Exhibits 6, 7, 8 and 10 (Docket No. 10 at pp. 5-6). But IFCO's motion includes only three (3) exhibits. See, Docket No. 10. At another point, IFCO refers to "exhibits __" without identifying the specific exhibit or page number. See, Docket No. 10 at p. 10. It is not the court's duty to scroll through the attached documents submitted by IFCO, which total 54 pages, in order to discern whether the facts it claims are properly supported.

### III.   DISCUSSION

A.   Relatedness

To satisfy this factor, plaintiffs must demonstrate a nexus between their claims and the defendants' forum-based activities, such that the litigation itself is founded directly on those activities. Adelson, 652 F.3d at 81.[2] It is a flexible and relaxed standard. Id. In a contract case such as this one, the court must focus on the parties' prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing. See, C.W. Downer & Co. v. Bioriginal Food & Sci. Corp., 771 F.3d 59, 66 (1st Cir. 2014)(so noting). Also, it must "ask whether the defendant's contacts with the forum were instrumental either in the formation of the contract or in its breach." Phillips Exeter Acad. v. Howard Phillips Fund, Inc., 196 F.3d 284, 289 (1st Cir. 1999).

Jurisdiction may not be avoided merely because the defendant did not physically enter the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985). "[I]t is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted." Id.; see also, Astro-Med, Inc. v. Nihon Kohden America, Inc., 591 F.3d 1, 10 (1st Cir. 2009)(recognizing that a defendant need not be physically present in the forum state to cause injury in the forum state). Thus, courts must examine evidence of telephone or electronic communication when a defendant has not been physically present in the

---

[2] During the events giving rise to this litigation, Maynards acted as an agent for Utica. For purposes of personal jurisdiction, the actions of an agent may be attributed to the principal. See, Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 55 (1st Cir. 2002)(so noting). Because defendants do not contest the relationship (Docket No. 13 at p. 11, n. 11), Maynards and Utica are collectively referred to as "defendants."

forum state because it serves as evidence that the defendant reached into the forum. Adams v. Adams, 601 F.3d 1, 7 (1st Cir. 2010).

Here, IFCO's claims stem from defendants' alleged breach of contract. The contract itself was negotiated between the parties via telephone and email, as defendants were never present in Puerto Rico. The parties' conversations ultimately gave way to, and were instrumental in the formation of the contract, which IFCO alleges the defendants breached. Furthermore, IFCO is a Puerto Rico-based corporation, such that by conducting negotiations with it, defendants directed their activities toward this forum. See, Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 142 F.3d 26, 36 (1st Cir. 1998)(holding that "[t]he transmission of facts or information into Massachusetts via telephone or mail would of course constitute evidence of a jurisdictional contact directed into the forum state"). And defendants accepted IFCO's payments under the terms of the contract. See, Adams, 601 F.3d at 6 (holding that "accepting funds from a Massachusetts resident and discussing and executing an agreement to repay those funds may be considered contacts with Massachusetts"). In consequence, the court finds that the relatedness prong has been adequately met.

B. Purposeful Availment

A defendant is subject to jurisdiction when it purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. Carreras, 660 F.3d at 555. For jurisdiction to attach, the forum-related contacts must be of such a nature that the defendant can reasonably foresee being haled into court there. Id. This requirement ensures that a defendant will not be drawn into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person. Burger King Corp., 471 U.S. at 475.

IFCO contends defendants "purposefully availed [themselves] of the privilege of conducting business in Puerto Rico." (Docket No. 10 at p. 12).  To that end, it claims "[n]umerous courts have held mail or electronic communications with persons in the forum state to be sufficient to establish that a defendant availed itself of the privilege of doing business in that state," Id. (citing Burger King Corp., 471 U.S. at 476); the inference purportedly being that because the defendants entered into negotiations with IFCO – a Puerto Rico-based entity – which culminated in an agreement between the parties, then, this factor has been met.  But "the mere existence of a contractual relationship between an out-of-state defendant and an in-state plaintiff does not suffice, in and of itself, to establish jurisdiction in the plaintiff's home state." Phillips Exeter Acad., 196 F.3d at 290 (citing Burger King Corp., 471 U.S. at 479); see also, Moncrief Oil Intern. Inc. v. OAO Gazprom, 481 F.3d 309, 312 (5th Cir. 2007)(holding that the "exchange of communications in the course of developing and carrying out a contract does not qualify as purposeful availment").

Defendants did not specifically reach to Puerto Rico to solicit an offer from IFCO.  Instead, they promoted an upcoming auction for the sale of equipment directed to the general public (Docket Nos. 9, Exh. 2 at ¶ 7; and 10, Exh. 3 at ¶ 3).  This, by itself, is insufficient to establish purposeful availment.  See, Asahi Metal Indus. Co. v. Superior Court of California, 480 U.S. 102, 112 (1987)(holding that "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State").

Defendants' transmission of goods, permits the exercise of jurisdiction only where they can be said to have targeted the forum.  However, it is not enough that the defendant might have predicted that its goods would reach the forum State. See, J. McIntyre Mach., Ltd. v. Nicastro, 131 S. Ct. 2780, 2788 (2011)(so holding).  "Without evidence that the defendant actually reached out to the plaintiff's state of residence to create a relationship – say, by solicitation – the mere fact that

the defendant willingly entered into a tendered relationship does not carry the day." Phillips Exeter Acad., 196 F.3d at 292. IFCO has not provided any such evidence here. In fact, it was IFCO who initiated the conversations with Maynards to acquire the equipment (Docket No. 10, Exh. 3 at ¶ 4). And "[a] company does not subject itself to jurisdiction in a forum simply by following up with forum residents who, without prior solicitation, have expressed an interest in purchasing the company's product." Carreras, 660 F.3d at 555-556.

The agreement in this case contemplated the acquisition of construction and demolition equipment. It was a short-term discrete transaction as opposed to an ongoing relationship between the parties. See, Boschetto v. Hansing, 539 F.3d 1011, 1019 (9th Cir. 2008)(holding that "[t]his was a one-time contract for the sale of a good that involved the forum state only because that is where the purchaser happened to reside, but otherwise created no 'substantial connection' or ongoing obligations there"); see also, Daynard, 290 F.3d at 62 (noting that the "ongoing relationship" between the parties contributes to finding purposeful availment); Kerry Steel, Inc. v. Paragon Indus., Inc., 106 F.3d 147, 151 (6th Cir. 1997)(finding no purposeful availment where the contact between defendant and forum state was an isolated sales transaction).

In the end, the contacts between defendants and Puerto Rico fail to evince purposeful availment of the benefits and protections of Puerto Rico law. Defendants' contacts did not create continuing obligations to Puerto Rico consumers, nor did they benefit from the protections of Puerto Rico law through its phone calls and faxes to IFCO in Puerto Rico. See, Phillips Exeter Acad., 196 F.3d at 292. The only connection of this action with Puerto Rico is that IFCO is based here.[3]

---

[3] The object of the contract, to wit, the equipment IFCO sought to acquire from defendants was located in New Jersey. The execution of the contract – the delivery of the equipment – was to take place in New Jersey. Moreover, the alleged breach of contract took place in New Jersey.

C. Reasonableness

IFCO has failed to make a *prima facie* showing of jurisdiction. It follows that the court need not evaluate the remaining factor. See, United Elec., Radio & Mach. Workers of America v. 163 Pleasant St. Corp., 960 F.2d 1080, 1091, n. 11 (1st Cir. 1992)(holding that "[a]bsent proof of the necessary minimum contacts, [the court] need not address the question of reasonableness"). Because personal jurisdiction is lacking, the court will refrain from discussing defendants' request for dismissal on forum non conveniens grounds.

IV. **CONCLUSION**

With that in mind, defendants' Motion to Dismiss the Plaintiff's Complaint for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2) and/or Forum Non Conveniens" (Docket No. 9) is GRANTED. The case is DISMISSED WITHOUT PREJUDICE for want of personal jurisdiction. Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of December, 2015.

S/Pedro A. Delgado-Hernández
PEDRO A. DELGADO HERNANDEZ
U.S. DISTRICT JUDGE